**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

**WEPAY GLOBAL PAYMENTS LLC.,**

      **Plaintiff,**

      **v.**

**APPLE INC.,**

      **Defendant.**

**CASE NO.: 6:22-cv-00223**

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Wepay Global Payments LLC ("Wepay" or "Plaintiff") brings this patent-infringement action against Apple Inc. ("Apple" or "Defendant").

### Parties

1. Plaintiff Wepay is a Delaware limited liability company with its principal business address at 221 N. Broad Street, Suite 3A, Middletown DE, 19709.

2. Upon information and belief, Defendant is a California corporation, with offices in the Western District of Texas at 12545 Riata Vista Cir., Austin, Texas 78727.

### Jurisdiction and Venue

3. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, et seq.  The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

4. This Court has personal jurisdiction over Apple because Apple has committed acts giving rise to this action within Texas and within this judicial district. Defendants regularly do business or solicit business in this District and in Texas, engage in other persistent courses of

conduct and derive substantial revenue from products and services provided in this District and in Texas, and have purposefully established substantial, systematic, and continuous contacts within this District and should reasonably expect to be sued in a court in this District. For example, Apple has a corporate campus in this District.  Apple has retail locations selling infringing GUI devices within this District. The Apple products with the accused infringing GUI design are sold and distributed to consumers in this District and in Texas.  Given these contacts, the Court's exercise of jurisdiction over Apple will not offend traditional notions of fair play and substantial justice.

5.      Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and l400(b) because Apple has multiple regular and established places of business in this District and has committed acts within this judicial district giving rise to this action, and continues to conduct business in this District, including multiple acts of making, selling, using, and offering for sale infringing products in this District.

**The Patent-In-Suit**

7.      Wepay is the exclusive owner of United States Patent No. D930,702 (the "'702 Patent") entitled, "Display screen portion with animated graphical user interface" and was duly and legally issued in accordance with 35 U.S.C. § 171 by the U.S. Patent and Trademark Office on September 14, 2021, attached hereto as "Exhibit A."

8.      The '702 Patent claim is valid and enforceable and directed to a unique ornamental design for a display screen portion with animated graphic user interface as shown and described.

9.      Apple has not obtained permission from Wepay to use the ornamental design of the '702 Patent.

10.      Attached hereto as "Exhibit B" and incorporated into this complaint as alleged herein a side-by-side claim chart setting forth an ornamental design element comparison of the

second embodiment of the '702 Patent's design and the accused display screen portion articles made by Apple.  The current known products infringing the patented design are the iOS 14 and iOS 15 GUI devices and iPadOS 14 and iPadOS 15 GUI devices.

### Count I - Infringement of U.S. Patent No. D857,702

11.    Wepay reasserts and incorporates by reference (Exhibit B, pages 2-4) the preceding paragraphs of this Complaint as fully set forth herein.

12.    Apple has infringed and continues to infringe the second embodiment of the '702 patent by making, using, distributing, offering to sell and/or selling in the United States the GUI device, which embodies the GUI design covered by the '702 Patent.  Apple infringing activities violate 35 U.S.C. § 271.

### Count II - Infringement of U.S. Patent No. D857,702

13.    Wepay reasserts and incorporates by reference (Exhibit B, pages 6-8) the preceding paragraphs of this Complaint as fully set forth herein.

14.    Apple has infringed and continues to infringe the second embodiment of the '702 Patent by making, using, distributing, offering to sell and/or selling in the United States the Apple mobile GUI device design, which embodies the GUI design covered by the '702 patent. Apple infringing activities violate 35 U.S.C. § 271.

### Count III - Infringement of U.S. Patent No. D857,702

14.    Wepay reasserts and incorporates by reference (Exhibit B, pages 10-12) the preceding paragraphs of this Complaint as fully set forth herein.

15.    Apple has infringed and continues to infringe the second embodiment of the '702 patent by making, using, distributing, offering to sell and/or selling in the United States the Apple

mobile GUI device design, which embodies the GUI design covered by the '702 patent. Apple infringing activities violate 35 U.S.C. § 271.

### Count IV - Infringement of U.S. Patent No. D857,702

13.     Wepay reasserts and incorporates by reference (Exhibit B, pages 14-16) the preceding paragraphs of this Complaint as fully set forth herein.

14.     Apple has infringed and continues to infringe the second embodiment of the '702 Patent by making, using, distributing, offering to sell and/or selling in the United States the Apple mobile GUI device design, which embodies the GUI design covered by the '702 Patent.  Apple infringing activities violate 35 U.S.C. § 271.

### Damages

15.   Wepay sustains damages as a direct result of Apple's infringement of the '702 Patent.

16.   As a consequence of Apple's present, continued, and future infringement of the '702 Patent, Wepay is entitled to damages recovery for its infringement of the '702 Patent on a forward-going basis.

### Prayer for Relief

WHEREFORE, WEPAY GLOBAL PAYMENTS LLC prays for the following relief against APPLE INC.:

(a)     judgment that Apple has infringed the second and first embodiment claims of the Asserted Patent, directly and/or indirectly, literally and/or under the standards of substantial similarity;

(b)     awarding the Plaintiff, the greater damages amount for Defendant's infringement under 35 U.S.C. § 284 or 35 U.S.C. § 289 per asserted count;

(c)     post-judgement injunction relief for all products to discontinue the use, making, selling, and export of products infringing the asserted design counts;

(d)     awarding Plaintiff their costs and expenses incurred in this action;

(e)     awarding Plaintiff prejudgment and post-judgment interest; and

(f)     granting Plaintiff such further relief as the Court deems just and appropriate.

**Demand for Summary Judgement or Jury Trial**

WEPAY GLOBAL PAYMENTS LLC demands a Summary Judgment or trial by jury on all matters and issues triable by jury issues triable by jury.

Respectfully Submitted,

Date:  March 1, 2022                    /s/Artoush Ohanian_____
                                        H. Artoush Ohanian
                                        Texas Bar No.: 24013260
                                        artoush@ohanianip.com
                                        OHANIANIP
                                        604 West 13th Street
                                        Austin, Texas 78701
                                        (512) 298.2005 (telephone & facsimile)

                                        Matthew M. Wawrzyn (application for *pro hac vice*
                                        admission forthcoming)
                                        matt@wawrzynlaw.com
                                        WAWRZYN LLC
                                        200 East Randolph Street, Suite 5100
                                        Chicago, IL 60601
                                        (312) 235-3120 (telephone)
                                        (312) 233-0063 (facsimile)

                                        *Counsel for WEPAY GLOBAL PAYMENTS LLC*